# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION at COVINGTON


MICHAEL KOKOSKI,         )

                            )

     Petitioner,          )     Civil Action No. 2:10-CV-174-WOB

                            )

V.                       )

                            )     **MEMORANDUM OPINION**

UNKNOWN NAMED UNITED     )          **AND**

  STATES MARSHAL'S SERVICE  )        **ORDER**

  AGENT(S) OR OFFICER(S)     )

     Respondents.         ** ** ** ** **


## INTRODUCTION

While in custody at the Boone County Detention Center in Burlington, Kentucky, Michael

Kokoski ("Kokoski") submitted a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C.

§ 2241,[1] challenging his continued detention because he had not received a revocation

hearing subsequent to his initial appearance and detention on a supervised release violation

---

[1] Subsequent to the filing of this action, Kokoski was transferred to the Federal Correctional Institution at Beaumont, Texas ("FCI-Beaumont"), where he is presently incarcerated.

charge.[2]  For the reasons set forth below, Kokoski is not entitled to relief under § 2241, and the Court will deny his petition and dismiss this proceeding.[3]

## KOKOSKI'S CRIMINAL HISTORY

In 1994, Kokoski was convicted in the United States District Court for the Southern District of West Virginia for employing a person under the age of 18 to distribute LSD, in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1), and for escaping from a federal institution, in violation of 18 U.S.C. § 751(a).  He received a total sentence of 181 months imprisonment, to be followed by a three-year period of supervised release.  Kokoski served this sentence and began his three-year term of supervised release.

Thereafter, in August of 2009, with Kokoski residing in Clarksville, Ohio, jurisdiction of his supervised release was transferred from the Southern District of West Virginia to the United States District Court for the Southern District of Ohio, being accepted by Senior District Judge Sandra S. Beckwith on September 8, 2009.[4]  Subsequently, on March 9, 2010,

---

[2] As the $5.00 filing fee has been paid, the Court screens the petition to determine whether Kokoski is entitled to relief under § 2241.  *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b))*; see also* 28 U.S.C. § 2243.  A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief.  *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

[3] While Kokoski is not entitled to relief under 28 U.S.C. § 2241, since he has challenged the legality of his continued detention in the absence of a revocation hearing, he has the right to file a motion, pursuant to 28 U.S.C. § 2255, to be considered by the Southern District of Ohio, the court which detained and then sentenced him.  Kokoski is further advised that, pursuant to the AEDPA, there is a one-year statute of limitations for the filing of a § 2255 motion, running from the date the conviction becomes final.

[4] Upon this transfer of jurisdiction, Kokoski's criminal case was identified in the Southern District of Ohio as No. 1:09-CR-145-SSB.

Kokoski's supervised release was revoked, and he was sentenced to two months imprisonment, to be followed by two years of supervised release, which commenced on March 13, 2010. Less than a month later, on April 9, 2010, Supervising U.S. Probation Officer Robert C. Frommeyer, Jr., filed a "Petition for Warrant or Summons for Offender Under Supervision" in the Southern District of Ohio, requesting that Kokoski be arrested and that his supervised release be revoked. The District Court granted that petition and ordered the issuance of a warrant for Kokoski's arrest. Kokoski was arrested, and on April 12, 2010, he appeared before Magistrate Judge Timothy S. Black for an Initial Appearance regarding the petition requesting revocation of his supervised release. Kokoski was detained pending a violation hearing before the presiding district judge, Senior District Judge Sandra S. Beckwith. However, on April 12, 2010, Kokoski waived a preliminary examination or hearing[5] and was detained in the Boone County Detention Center pending sentencing on the supervised release violation charge. Kokoski's sentencing hearing was held on August 2, 2010, at which time Judge Beckwith found him guilty of having violated the terms of his supervised release and sentenced him to 34 months imprisonment, with no supervised release to follow. See DE #49 in Case No. 1:09-CR-145.

---

[5] This waiver was entitled "Waiver Of Preliminary Examination Or Hearing (Rule 5 or 32.1, Fed.R. Crim.P.) and states: "I, Michael Kokoski, charged in a Petition pending in this district with supervised release violation and having appeared before this Court and been advised of my rights as required by Rule 5 or Rule 32.1, Fed. R. Crim. P., including my right to have preliminary examination or hearing, do hereby waive (give up) my right to a preliminary examination or hearing." This waiver is dated 4/12/10 and is signed by Kokoski and his counsel, James Maus, and is filed as Docket No. 28 in Case No. CR-1-09-145 in the Southern District of Ohio.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Kokoski filed this habeas petition on July 9, 2010, claiming that his detention for more than ninety days without a revocation hearing violated his due process rights under the U.S. Constitution. Kokoski stated that he had not signed any waiver of his rights to a revocation hearing; therefore, he asserted that he was entitled to immediate release from custody.

Kokoski was arrested on April 9, 2010, had an Initial Appearance on April 12, and was detained pending a preliminary examination or hearing before the presiding district judge. However, as previously noted, on April 12, Kokoski also filed a Waiver Of Preliminary Examination Or Hearing, resulting in no preliminary examination or revocation hearing being held, as would have happened in the absence of Kokoski's waiver. Kokoski was detained until August 2, 2010, at which time Judge Beckwith conducted a sentencing hearing, found him guilty of having violated the terms of his supervised release, and sentenced him to 34 months imprisonment.[6]

Contrary to Kokoski's argument, it is clear that on April 12, the same date of his Initial Appearance before Magistrate Judge Timothy S. Black, Kokoski did waive his right to a preliminary examination or hearing. Therefore, his argument that he was unlawfully detained because he did not receive a revocation hearing within ninety days after his Initial Appearance is without merit, as he waived the revocation hearing. Consequently, Kokoski's § 2241 petition will be denied, and this action will be dismissed.

---

[6]Kokoski is presently serving this sentence, is incarcerated at FCI-Beaumont, and has a projected release date of September 26, 2012.

**CONCLUSION**

Accordingly, the Court being advised,

**IT IS ORDERED** as follows:

(1)     Michael Kokoski's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [R. 2], is

**DENIED**;

(2)     All pending motions [R. 19, 22] are **DENIED AS MOOT**;

(3)     This action will be **DISMISSED**, *sua sponte*, with prejudice, from the docket; and

(4)     Judgment shall be entered contemporaneously with this Memorandum Opinion.

This 1st day of June, 2011.



Signed By:
*William O. Bertelsman* WOB
**United States District Judge**